David Abrams, Attorney at Law
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of New York

_____

|  |  |  |
|---|---|---|
| | ) | |
| Joseph Weiss, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| - against - | ) | |
| | ) | |
| RCSH Operations LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____)

Plaintiff, complaining of the Defendant by his attorney, David Abrams, Attorney

at Law, respectfully set forth and allege as follows:

**I.      Introduction**

1.      This is an action for unpaid wages and overtime under the Fair Labor Standards

Act; the New York Minimum Wage Act and New York Labor Law.

**II.     Parties**

2.      Plaintiff Joseph Weiss ("Plaintiff" or "Mr. Weiss") is a natural person.

3.      Defendant RCSH Operations LLC (the "Employer") is a Louisiana Limited

Liability Company.

**III.    Venue and Jurisdiction**

4.      The Court has subject matter jurisdiction over this matter in that Plaintiff asserts

claim under federal law -- a claim under the Fair Labor Standards Act -- and the

remaining claims are part of the same case or controversy.

5.      The Court has personal jurisdiction over the Defendants in that this matter arises from the Defendants' employment of the Plaintiff at its facilities which are located in Manhattan and Westchester.

6.      Venue is appropriate in that this matter in the Southern District in that this matter arises from the Defendants' employment of the Plaintiff at its facilities which are located in the Southern District of New York.

**IV.      Background**

7.      At all times relevant to this complaint, the Employer operated a steak house type restaurant known as "Ruth's Chris Steak House"

8.      Plaintiff was employed by the Employer as a server for approximately 4 1/2 years until his employment ended in or about April of 2015.

9.      While employed by the Employer, Plaintiff regularly worked hours "off the clock" with the knowledge of the Employer.  The amount of "off the clock" work varied depending on how busy the Employer's restaurant was; Plaintiff estimates that during busy weeks he worked approximately 20 to 25 hours off the clock and that during slow weeks he worked no hours off the clock.  Since Plaintiff was employed full time, this resulted in him working overtime hours for which he was not compensated.  Plaintiff estimates that over the course of his employment, he worked approximately 2200 to 2500 hours of this sort of work.

**V.      Causes of Action and Demand for Relief**

<u>Count One: Violation of New York Wage & Hour Law</u>

12.      The allegations contained in the preceding paragraphs are incorporated as if restated herein.

13.      Plaintiff was an employee of the Employer within the meaning of the New York Minimum Wage Act and accompanying regulations.

14.     The Employer was an employer within the meaning of those same regulations.

15.     The Employer violated the above law and regulations in that it did not properly

compensate Plaintiff for the hours and overtime hours she worked.

<u>Count Two: Violation of the Fair Labor Standards Act</u>

16.     The allegations contained in the preceding paragraphs are incorporated as if

restated herein.

17.     The Employer is a prominent restaurant with revenues far in excess of $500,000

per year.  Further, Mr. Weiss and other members of the Employer's waitstaff regularly

handled goods in the course of their employment which had crossed state lines, for

example imported beers and wines.  Further, Mr. Weiss and other members of the

Employer's waitstaff regularly processed credit card transaction in the course of their

employment, entailing the transmission of credit card information through wires which

cross state line, for example to the Visa data facility in Virginia.

18.     Accordingly, Plaintiff's employment was covered by the Fair Labor Standards

Act.

19.     The Employer violated the Fair Labor Standards Act in that it did not properly

compensate Plaintiff for the hours and overtime hours he worked.

**[continued on next page]**

3

WHEREFORE  Plaintiff demand judgment against the Defendant in the amount of his

unpaid back wages, overtime and liquidated damages, in an amount not more than

$100,000.00 including attorneys fees and costs, and such other and further relief that the

Court deems just.

Respectfully submitted,

/s/ David Abrams

David Abrams
  Attorney for Plaintiff
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821
Fax     212-897-5811

Dated:  July 14, 2016
New York, New York

4